IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SAVANNAH MCLEOD, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>JUST A SLICE PIZZA LLC d/b/a "Domino's Pizza," WOW Pizza LLC and MICHAEL TINGEN,<br><br>Defendants. | 1:20CV295 |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Before the Court is a Joint Motion for Preliminary Approval of the Parties' Settlement and Release Agreement, Notice of Class and Collective Action Settlement ("Class Notice") and Consent to Join Form ("Claim Form"), filed by Defendants, Just A Slice Pizza LLC d/b/a "Domino's Pizza," WOW Pizza LLC and Michael Tingen (collectively, "Defendants"). (ECF No. 8.)

Plaintiff Savannah McLeod, on behalf of herself and the Settlement Class as defined below, and Defendants have entered into a Settlement and Release Agreement ("Settlement Agreement"), which is intended to resolve claims asserted in this action by Plaintiff. (ECF No. 14.) The Court, having reviewed the Proposed Order, the Settlement Agreement, and Declaration by Plaintiff's council ("Forester Declaration") (ECF No. 8-1.), finds that the Settlement Agreement and defined class are appropriate for preliminary approval and certification. While the proposed Settlement Agreement preliminarily appears to be fair,

reasonable, and adequate, the Court is unable to make a final determination until the Court is provided with information regarding the number of members of the Settlement Class, and the amount owed to each member. A hearing on the fairness, reasonableness, and adequacy of the Settlement Agreement should be held, after notice to the Settlement Class, to confirm that it meets this standard prior to a determination of whether a Final Order and Judgment should be entered in this Lawsuit.

IT IS ORDERED that the Joint Motion for Preliminary Approval of Settlement Agreement is GRANTED, subject to the following terms and conditions:

### A. Class Certification for Settlement Purposes Only

Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

The Court has jurisdiction over the subject matter of this action, including the claims asserted, Plaintiff, the members of the proposed Fair Labor Standards Act ("FLSA") Collective ("Settlement Collective Action") and proposed Rule 23 Settlement Class ("Settlement Class"), Defendant, and the implementation and administration of the Settlement Agreement.

The Settlement Agreement is preliminarily approved, as it appears fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23, subject to final consideration thereof at the Final Approval Hearing provided for below. This approval, however, is contingent upon the Court finding that the Settlement Agreement is fair, reasonable and adequate after receiving information regarding the size of the Settlement Class and the amount owed to each individual in the Settlement Class.

Based upon the submissions of the parties, and for purposes of this settlement only, the Court conditionally makes the following findings:

The members of the Classes defined in the Settlement Agreement are so numerous as to make joinder impracticable.

There are questions of law and fact common to the Classes, and such questions predominate over any questions affecting only individual Class Members.

Plaintiff's claims are typical of the claims of the Class Members.

Plaintiff and her counsel can fairly and adequately protect, and have to date fairly and adequately protected, the interests of the Class Members in this action.

A class action is superior to other available methods for fairly and efficiently resolving the controversy placed at issue in this Action.

Accordingly, the Court hereby conditionally certifies the following Settlement Collective Action pursuant to Section 216(b) of the FLSA, for settlement purposes only, in accordance with the terms of the Settlement Agreement:

> **FLSA Class**:
> All delivery drivers who worked for Defendants during the Release Period.

On the basis of the findings set forth below, the Court hereby conditionally certifies the following Settlement Class pursuant to pursuant to Fed. R. Civ. P. 23 for settlement purposes only in accordance with the terms of the Settlement Agreement:

> **NC State Law Class:**
> All delivery drivers who worked for Defendants during the Release Period.

### B. Class Counsel and Class Representative

Finding that the factors of Rule 23(g) have been satisfied for the purpose of settlement only, the Court appoints Jesse H. Forester, of Forester Haynie PLLC as Class Counsel for the Settlement Class. Any member of the Settlement Class who does not elect to be excluded may, but need not, enter an appearance through his or her own attorney. Settlement Class members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

For the purposes of settlement only, the Court further finds that named Plaintiff McLeod is an adequate Class Representative.

### C. Preliminary Approval

The Settlement Agreement is preliminarily approved as describing a settlement that is within the range of settlements that the Court would find to be fair, reasonable and adequate, subject to the aforementioned condition of the Court receiving more information regarding the size of the Settlement Class and the amount owed to each individual.

The Court finds that the Settlement Agreement resulted from lengthy, intensive, arm's-length negotiations among the parties, through counsel.

### D. Notice to Settlement Classes, Opt-In Procedure, and Appointment of Settlement Administrator

The Court approves as to form and content the Notice and Claim Form, attached as an Exhibit to the Settlement Agreement. (ECF No. 14-2.)

The manner and forms of Notice to be sent to members of the Putative Settlement Class set forth in § IV of the Settlement Agreement are hereby approved and the provisions thereof are hereby incorporated into this Order so that upon entry of this Order, the Parties

are directed to ensure that the Notice is disseminated according to the terms of the Settlement Agreement. (ECF No. 14).

Members of the Settlement Class and Collective Action are authorized to receive a settlement payment only if they timely submit a signed Claim Form to the Administrator via U.S. Mail, fax, email, so that it is postmarked, if sent by U.S. Mail, or received, if sent by fax or email, on or before forty-five (45) calendar days after the date on which the Administrator first mails the Notice and Claim Form to the members of the Settlement Class and Settlement Collective Action, in accordance with the terms of the Settlement Agreement. All members of the Settlement Class and Settlement Collective Action who fail to comply with these requirements shall be forever barred from receiving any settlement payment pursuant to the Settlement set forth in the Settlement Agreement.

Prior to the Final Approval Hearing, the Administrator shall serve and file a sworn statement attesting to compliance with the Settlement Agreement.

### E. Requests for Exclusion from the North Carolina State Law Settlement Class

Members of the Putative Rule 23 Settlement Class may request exclusion from the Rule 23 Settlement Class and the Settlement. All written requests by members of the Settlement Class to exclude themselves from the Settlement must be returned by First-Class U.S. Mail to the Administrator so that it is postmarked no later than forty-five (45) calendar days after the date on which the Administrator first mails the Notice and Claim Form to the members of the Putative Settlement Class. A written request seeking exclusion must expressly state that the class member wishes to be excluded from the Settlement. The request should state at the top of the letter "Request for Exclusion from Settlement in *McLeod v. Just A Slice Pizza LLC,*

5

*et al.*, No. 1:20-CV-00295-LCB-LPA," and should include the name, address, telephone number, and signature of the individual requesting exclusion from the Settlement.

In the event the Settlement receives final approval, any member of the Settlement Class who did not properly and timely request exclusion shall be bound by all the terms and provisions of the Settlement Agreement, the final approval order, the final judgment, and the releases set forth therein, and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the Settlement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the Settlement. All members of the Settlement Class who do not timely and validly request to be excluded would be enjoined from proceeding against the Defendant for the claims made in the Complaint.

All members of the Settlement Class who submit valid and timely notices of their intent to be excluded from the Settlement Classes: (i) shall not have any rights under the Settlement Agreement; (ii) shall not be entitled to receive a settlement payment; and (iii) shall not be bound by the Settlement Agreement, any final approval order, or the final judgment.

### F. Objections to the Settlement

Consistent with the Settlement Agreement, members of the Settlement Class who have not requested exclusion and wish to object to the Settlement must serve a written objection on the Administrator setting forth the grounds for the objection as provided in the Notice. The objection must indicate whether the class member intends to appear and object to the Settlement at the Final Fairness Hearing. Failure by a class member to make this indication constitutes a waiver to appear at the hearing. Any objections must be filed and served no later than sixty (60) calendar days after the date on which the Administrator first mails the Notice

and Claim Form to the members of the Putative Settlement Classes. Any Settlement Class Members who fail to file and serve a timely written objection shall be deemed to have waived any objection and shall be foreclosed from objecting to this Settlement.

### G. Approval and Appointment of Administrator

The Court approves and appoints CAC Services Group, LLC ("CAC Services") to serve as the neutral, third-party Administrator in accordance with the terms of the Settlement Agreement and this Order.

For the reasons stated herein, the Court enters the following:

### ORDER

IT IS HEREBY ORDERED that CAC Services perform the administrative duties specified herein:

- Establish a Net Settlement Fund consisting of the FLSA Claim sub-fund, the Minimum Payment sub-fund, and the Reserve sub-fund as defined in the Settlement Agreement.

- Manage all tax liabilities for all Parties and their Counsel as part of managing the Qualified Settlement Fund, as defined in the Settlement Agreement.

- Manage compliance with the Class Action Settlement Act.

- Mail the Notice and Claim Form and a pre-addressed, postage-paid return envelope to each Settlement Class Member by first-class U.S. mail within fifteen (15) calendar days after receipt of the Final Class Data List, as outlined in the Settlement Agreement.

- Provide the parties with a weekly update of the number of claims received, opt-outs, and objections, and provide copies of any Claims Forms to the parties.

- Notify Class Members in writing of deficient Claim Forms and follow-up by telephone if necessary and provide assistance to Class Members if requested

- Provide the parties with any Claim Forms, opt-outs, and objections not already provided, as well as a final list of all Participating Class Members and each Participating Class Member's settlement payment within ten (10) calendar days of the Claims Period Deadline.

- Provide the Court with a report specifying the due diligence that it has undertaken with regard to the mailing of the Notice and reporting on the number of claims, objections, disputes (and status), and opt-outs submitted at the time the motion for final approval of the Settlement is filed.

- Issue and mail checks from the Qualified Settlement Fund to Class Counsel, Class Representative, and Participating Class Members within ten (10) calendar days of receipt of the settlement funds.

- Issue and mail checks from the Qualified Settlement Fund to Late Opt-In members within fifteen (15) days of receipt of a valid Claim, provided that the claim is not barred by the Class Member's FLSA statute of limitations at the time it is submitted.

- Carry out other related tasks in accordance with the terms of the Settlement Agreement.

- Employ their best efforts to faithfully and fully perform any and all obligations and duties imposed by the Settlement Agreement.

**H.     Final Approval Hearing**

Pursuant to Rule 23(e) of the Fed. R. Civ. P., the Court will hold a hearing to determine whether the Settlement Agreement and its terms are fair, reasonable and in the best interests of the members of the Settlement Classes, and whether a final judgment as to Plaintiff's claims as provided in the Settlement Agreement should be entered granting final approval of the Settlement (the "Final Approval Hearing").

At the Final Approval Hearing, the Court shall also determine whether, and in what amount, attorney's fees, costs, and expenses should be awarded to Class Counsel, and whether, and in what amount, service awards should be made to Plaintiffs.

The Final Approval Hearing is hereby scheduled to be held before this Court on the 10th day of January 2022, at 10:00 A.M. in Courtroom 4 of the United States District Court, 251 N. Main St., Winston-Salem, NC 27101.

The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class Settlement Collective Action, or Authorized Claimants other than that which may be posted by the Court.

Only members of the Settlement Class who have filed and served timely notices of objection in accordance with the terms of § IV(43) of the Settlement Agreement and this Order shall be entitled to be heard at the Final Approval Hearing. Any member of the Settlement Class who does not timely file and serve an objection in writing to the Settlement Administrator, within 60 calendar days after the mailing date of the Notice of Settlement, prior to entry of Final Judgment, or to Class Counsel's application for fees, costs, and expenses or to service awards, in accordance with the procedure set forth in the Notice and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

**I.  Other Provisions**

Each and every time period and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

The costs of settlement administration shall be paid as set forth in § III (33) of the Settlement Agreement.

Certification of the Settlement Class and Settlement Collective Action is a conditional certification for settlement purposes only. If the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, or this Court does not grant final approval of the Settlement Agreement, or the Settlement is not consummated or fails to become effective for

9

any reason whatsoever, the conditional certification of the Settlement Class and Settlement Collective Action shall automatically be cancelled and shall be void, any collective or class actions certified solely for purposes of the Settlement shall be decertified pursuant to the terms of § VI(58)(b) of the Settlement Agreement, and the Defendant shall have reserved all of its rights to challenge the propriety of collective action certification or class action certification for any purpose, including the opposition to any and all class or collective certification motions in this action, to contest the adequacy of Plaintiff as representative of the Settlement Class, and to contest the adequacy of Plaintiff's counsel as adequate Class Counsel. Additionally, Plaintiff reserve all of their rights, including the right to continue with the litigation as set forth in the Settlement Agreement, should the Settlement Agreement not be consummated.

**J.     Schedule**

The following deadlines shall apply unless modified by further order of the Court:

Notices in the form of the Exhibits to the Settlement Agreement shall be sent to Class Members as provided in the Settlement, within 30 days after entry of this Order, on or before <u>September 30, 2021</u>.

Members of the Settlement Class and Settlement Collective Action shall have 60 calendar days following the mailing of notice to postmark, email, or fax required claim forms to the Settlement Administrator, as provided in the Settlement.

Any exclusions and objections to the Settlement Agreement shall be submitted within 60 calendar days after the mailing date of the Notice of Settlement.

Any notices to appear at the Fairness Hearing shall be filed within 67 calendar days after the mailing date of the Notice of Settlement.

The Fairness Hearing shall be held at 10:00 A.M. on January 10, 2022, in Courtroom No. 4 of the United States District Court for the Middle District of North Carolina.

The parties shall file and serve papers in support of final approval of the settlement 10 calendar days prior to the Final Fairness Hearing, by December 31, 2021.

The parties shall file and serve papers in response to any objections to final approval of the settlement 5 calendar days prior to the Final Fairness Hearing, by January 5, 2022.

This, the 30th day of August 2021.

/s/ Loretta C. Biggs
United States District Judge