IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SAVANNAH MCLEOD, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>WOW Pizza LLC and MICHAEL TINGEN,<br><br>Defendants. | 1:20CV295 |

**ORDER**

This matter came before the Court on January 10, 2022, for the Fairness Hearing in the above-captioned matter pursuant to this Court's August 30, 2021 Order. (ECF No. 17.) On January 3, 2022, Plaintiff filed her Unopposed Motion for Final Approval of Class and Collective Action Settlement, individually and on behalf of the class. (ECF No. 23.) For the reasons set forth below, Plaintiff's Motion remains outstanding.

During the January 10th Fairness Hearing, the Court raised questions concerning the award of attorneys' fees outlined in the parties Settlement Agreement and after hearing from counsel for both parties, the Court informed counsel that the Court was taking the matter under advisement.

"To properly fulfill its Rule 23(e) duty, a court must not cursorily approve the attorney's fees provision of a class settlement or delegate that duty to the parties." *Strong v. Bellsouth Telecomm., Inc.*, 137 F.3d 844, 850 (5th Cir. 1998). The court has an independent obligation to assess attorneys'

fees. *See In re Hatteras Fin., Inc., S'holder Litig.*, 286 F. Supp. 3d 727, 734 (M.D.N.C. 2017) ("[T]he court should carefully review the application for reasonableness to ensure that counsel has not exploited the class action vehicle for their benefit."); *see also Strong*, 137 F.3d at 850; *In Re Copley Pharm., Inc.*, 1 F. Supp. 2d 1407, 1409 (D. Wyo. 1998). This duty applies "[e]ven when the court finds the settlement agreement to be untainted by collusion, fraud, and other irregularities." *Strong*, 137 F.3d at 850. Where, as here, Plaintiff's Counsel is seeking attorneys' "fees from a common fund, his interest is 'adverse to the interest of the class in obtaining recovery because the fees come out of the common fund set up for the benefit of the class." *In Re Copley Pharm., Inc.*, 1 F. Supp. 2d at 1409 (quoting *Rawlings v. Prudential–Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir.1993)). Therefore, this Court's review of attorneys' fees is "an essential part of its role as guardian of the interests of class members. *Strong*, 137 F.3d at 850.

Here, the Court finds unusual that the allocation of attorneys' fees to Plaintiff's Counsel is based on a percentage of what has been termed in the Settlement Agreement as the "Total Settlement Amount" rather than a percentage of the actual amount of the settlement which in the Settlement Agreement is termed the "Maximum Settlement Amount." Under the Settlement Agreement, Plaintiff's Counsel's fees account for nearly 52% the actual settlement amount recovered for the common fund.

Based on the above, the Court orders that Counsel for Plaintiff submit to the Court a supplemental brief/memorandum to its Motion For Approval of the Settlement Agreement which contains the following:

(1) a detailed explanation of how the "Total Settlement Amount" outlined in the Settlement Agreement was calculated and why the Court should consider the "Total Settlement

2

Amount" rather than the actual amount recovered for the common fund, termed in the Settlement Agreement as the "Maximum Settlement Amount," in calculating attorneys' fees;

(2) the calculation of attorney's fees utilizing the lodestar method including the supporting documentation on which it is based; and

(3) Plaintiff's Counsel's brief shall contain authority other than cites to district court cases previously litigated by Plaintiff's Counsel. Furthermore, any cited authority that is unpublished or not readily available to the Court shall be attached as exhibits to the brief. *See* LR7.2(c).

Plaintiff's Counsel must submit his brief within 10 days following the entry of this Order.

IT IS SO ORDERED.

This, the 30th day of January 2022.

/s/ Loretta C. Biggs<br>United States District Judge